IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JAVIER ROSALES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-176-A |
| | § | (NO. 4:09-CR-160-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Javier Rosales, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, and applicable legal authorities, the court concludes that none of the grounds for relief have merit and the motion should be denied.

I.

Background

Movant was named in a multi-count indictment that charged him with one count of conspiracy to smuggle firearms and ammunition from the U.S. into Mexico, two counts of smuggling firearms and ammunition from the U.S. into Mexico, and one count of possession with intent to distribute 50 grams or more of methamphetamine. Movant pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more

of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(b). On June 8, 2010, the court sentenced him to a 324-month term of imprisonment and a five-year term of supervised release.

Movant appealed his sentence. The United States Court of Appeals for the Fifth Circuit affirmed, United States v. Rosales, 438 Fed. App'x. 263 (5th Cir. 2011), and movant did not seek certiorari review. Movant timely filed a motion seeking relief under 28 U.S.C. § 2255.

II.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries

2

that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

### III.

### Grounds of Motion

The court now turns to the grounds of relief in the motion. Movant has attacked the court's role in his guilty plea and the government's duties of disclosure, and has also asserted an ineffective assistance of counsel claim against his trial counsel, James Shaw, and his replacement trial counsel, Gene de Bullet. The motion states several grounds of relief, which the court has reorganized into the following categories for ease of reference:

> (a) Movant's plea agreement was invalid because the court interfered in plea negotiations and coerced movant's guilty plea.
>
> (b) Shaw, as movant's original counsel, was deficient, as he failed to discuss movant's alternatives and defenses, such as entrapment, before movant submitted his guilty plea.
>
> (c) De Bullet, as new replacement counsel, was deficient as he
>
>> (1) failed to receive all the discovery in the case and to make a "conscientous examination" of his case before advising movant to plead guilty;
>>
>> (2) failed to sufficiently consult with movant;

3

>   (3) failed to investigate his case and interview government witnesses;
>
>   (4) failed to identify and interview defense witnesses;
>
>   (5) failed to seek a continuance of trial; and
>
>   (6) improperly filed a motion for an independent lab test of the methamphetamine.

(d) The government failed to provide material exculpatory evidence to defendant under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

Mot. at 1-2, 17-19, 22-23, 25-27, 28-30, 37-39, 40, 42.[1]

IV.

<u>Analysis</u>

A.  <u>The Court's Role in Movant's Guilty Plea</u>

In attacking his guilty plea, movant contends the court improperly coerced him into pleading guilty. Mot. at 2-3, 7-12, 14-16. The crux of his complaint is a statement the court made during the hearing on the motion to withdraw from representation filed by Shaw, Rosales's original retained counsel. Movant had informed the court that he was dissatisfied with Shaw for contacting his family and having them sign a document encouraging

---

[1] The citations to page number refers to the page number on the top of the document placed there by the electronic case filing system. Because movant presented several different grounds for his ineffective assistance of counsel claim against De Bullet, the court has organized them in the above fashion for ease of reference.

In his motion, movant numbered his ineffective assistance of counsel claims against Shaw and De Bullet as issues 1 and 2, respectively. The remaining claims on the court's role in the guilty plea and the government's disclosure of exculpatory evidence were scattered throughout the motion.

movant to plead guilty and cooperate with the government. Hearing Tr. at 12-13; Mot. at 36-37. The court disagreed and concluded that these actions did not represent ineffective representation on Shaw's part. Hearing Tr. at 14; Rearraignment Tr., Dec. 23, 2009, at 8. Essentially, the court stated that it was "satisfied" with Shaw's representation of movant. Hearing Tr. at 13-14; Mot. at 8, 14-16.

Movant previously raised this same issue on direct appeal. Rosales, 438 Fed. App'x. at 264. "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). Because the Fifth Circuit found the issue to be frivolous and therefore decided it adversely to him, this issue is not considered again on collateral review.

B.  Ineffective Assistance of Counsel Claim Against Shaw

The court next considers movant's complaint about the allegedly deficient advice of his original trial counsel, Shaw, concerning his guilty plea. To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694

5

(1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel of Shaw because he has failed to meet the standard set forth by Strickland.

In attacking the validity of his guilty plea, movant alleges that Shaw, his original trial counsel, improperly advised him and "told [him] that there was no other option but to plead guilty as he had extensively reviewed [his] case." Mot. at 17. At the time, however, movant insists "there was indeed a viable defense that could be presented on [his] behalf," the defense of entrapment, that Shaw refused to explore. Id. at 18. Additionally, Shaw allegedly ignored movant's information that "he had proof" that the government's informer "was the one purchasing the guns with his money, not Rosales." Id. at 19.

A "guilty plea is open to attack on the ground that counsel did not provide the [prisoner] with reasonably competent advice." Cuyler v. Sullivan, 446 U.S. 335, 344 (1980). However, movant's self-serving, after-the-fact allegations fail to overcome the strong presumption of truth accorded to his own statements made to this court at rearraignment, and the great evidentiary weight accorded to his signed, unambiguous plea agreement. Id. In his

plea agreement and during rearraignment, movant made clear that he was satisfied with his legal representation from both Shaw and de Bullet and that his guilty plea was voluntary. Plea Agreement at ¶ 10, Rearraignment Tr., Dec. 23, 2009, at 2, 5, 7, 9. As the record reflects, consistent with the court's standard admonishment on guilty pleas, the court ensured that movant understood (1) his constitutional rights; (2) his potential sentence; (3) the role of the sentencing guidelines and the judge in determining a sentence; (4) the consequences of waiving his rights and pleading guilty; (5) the nature of the charge he intended to plead guilty to and the elements to that charge; (6) the terms of his plea agreement; and (7) the factual basis for his guilty plea. Plea Agreement; Factual Resume; Rearraignment Tr., Dec. 23, 2009, at 13-21, 23-24, 26-49.

Rosales's sworn assurances to the court and his plea agreement's stipulation agreement confirm that his attorneys reviewed the case and discussed all possible alternatives with him, and agreed a guilty plea was in his best interests. Movant fails to overcome these sworn statements with his belated allegations that Shaw did not discuss with him potential defenses such as entrapment. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

Even had Shaw erred in omitting this information, an entrapment defense would have been meritless and likely barred from presentation to the jury under the facts here. "Entrapment occurs when the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." United States v. Wise, 221 F.3d 140, 154 (5th Cir. 2000) (internal quotations and citations omitted). It is an affirmative defense with two elements: "government inducement of the crime and a lack of predisposition on the part of the defendant to engage in the criminal conduct." Id. According to the factual resume which movant acknowledged as true during rearraignment, however, movant entered into the conspiracy fully "knowing [its] unlawful purpose." Factual Resume at 3; Rearraignment Tr., Dec. 23, 2009, at 27. His actions, therefore, were not at all characterized by "a lack of predisposition" to partake in criminal activity. Any attempt by his attorneys to pursue such an entrapment defense would have been frivolous. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

Consequently, Shaw was not deficient in advising movant on the subject of his guilty plea or in allegedly failing to advise

movant to assert entrapment. On this ground, therefore, movant is not entitled to any relief.

C. Ineffective Assistance of Counsel Claim Against De Bullet

The court now turns to the ineffective assistance of counsel claim lodged against movant's replacement trial counsel, de Bullet. Similar to his earlier claim against Shaw, movant is entitled to no relief based on the alleged ineffective assistance of counsel directed against de Bullet, as he again fails to satisfy Strickland's two-pronged standard.

Under the umbrella of an ineffective assistance of counsel claim, movant complains that de Bullet (1) failed to receive and review all of the discovery in his case, (2) failed to adequately consult with him, (3) failed to investigate his case, (4) failed to interview government and defense witnesses, (5) failed to seek a continuance, and (6) improperly requested scientific testing of the drugs. As the court discusses below, none of these allegations of deficient representation entitle movant to any relief.

1. Counsel's Receipt of Discovery

In one ground of his claim against de Bullet, movant contends that de Bullet, upon replacing old counsel, did not receive all the discovery in his case and failed to make "a conscientious examination" of his options before advising him to

9

plead guilty. Mot. at 22-23, 29-30, 38. On the former point concerning discovery, movant's brother, Alberto Rosales, in an affidavit attached to the motion, states that de Bullet was "willing to testify" that he never received the discovery from Shaw "to help" Rosales. Aff. of Alberto Rosales at 50. There is, however, no affidavit from the supposed speaker himself, de Bullett, to support such a statement. Moreover, even if there were such an affidavit, movant's claim is wholly conclusory. Movant fails to identify any specific facts to show that de Bullet neglected to review the evidence before advising movant to plead guilty, to explain how such evidence would reasonably affect his decision to plead guilty, or to explain how the outcome of his case would have changed. Thus, the court concludes that movant's claim on this ground is unsupported by the record and conclusory.

2. Counsel's "Insufficient" Consultation with Movant

For his next ground of relief, movant asserts that "de Bullet's consultation with [him] was totally inadequate," Mot. at 25, 28, 30, because "none of the government's massive documentary evidence or the statements given by prospective witnesses were discussed with [him], id.. at 26, and he "could have . . . provide[d] insight into" the "accuracy and veracity" of statements and affidavits from government witnesses, id. at 30.

10

Again, movant's unsubstantiated and self-serving allegations fail to rebut the statements he and his attorneys gave to the court, in which counsel stated they had thoroughly reviewed all legal and factual aspects of the case with movant before movant signed the plea agreement and entered his guilty plea. Plea Agreement at ¶ 10; Rearraignment Tr., Dec. 23, 2009, at 5-7, 9, 27-28, 30-32, 44-45. Moreover, this claim is conclusory, as movant fails to specify what he would have told de Bullet, how that would affect his decision to plead guilty, or how the outcome of his case would have changed. Accordingly, movant's allegations on this ground entitle him to no relief.

3. Counsel's Failure to Investigate and Interview Government Witnesses

In support of his next ground, movant complains generally that "de Bullet did not undertake any pretrial investigation," and specifically that "de Bullet did not interview nor attempt to interview . . . a single government witness prior to advising [him] to accept the plea." Mot. at 26-27, 30, 40. Like the other claims, this allegation is contrary to what the record reflects from the rearraignment hearing, and moreover, is wholly conclusory. A prisoner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered

11

the outcome of the [case]." <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989). Instead, movant neglects to identify what an investigation or an interview of the government's witnesses would have uncovered and how either of these would have reasonably affected his decision to plead guilty or changed the outcome of his case. Accordingly, movant's claim on this ground does not entitle him to any relief.

4. <u>Counsel's Failure to Identify and Interview Defense Witnesses</u>

In his next ground for relief, movant faults de Bullet for failing "to identify or interview witnesses who might be able to corroborate Rosales's testimony" and corroborate his defense. Mot. at 27, 30. Generally, "complaints of uncalled witnesses are not favored in [section 2255 review] because allegations of what the witness would have testified are largely speculative." <u>Evans v. Cockrell</u>, 285 F.3d 370,378 (5th Cir. 2002). In complaining about uncalled witnesses, a prisoner "must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." <u>Id.</u> (brackets in original). Movant has showed none of these elements in support of his claim. He fails to identify any particular witness, much less specify what statements they would have made. Consequently, this

ground fails to meet <u>Strickland</u>'s requirements and does not entitle movant to any relief.

### 5.  Counsel's Failure to Move for a Continuance

Next, movant contends de Bullet "never petitioned the court for a continuance," even when "de Bullet did not have adequate time to go over the voluminous discovery materials in [his] case." Mot. at 37, 40. Movant, however, does not explain what de Bullet would have uncovered with additional time, or how that time would have reasonably affected his decision to plead guilty or changed the outcome of his case. Accordingly, the court concludes this ground for relief based on deficient performance of counsel, like the others, fails because it is conclusory and belied by the record.

### 6.  Counsel's Motion for Independent Lab Test of Methamphetamine

In the final ground for relief based on his ineffective assistance of counsel claim, movant contends de Bullet acted with "deliberate deception" when de Bullet filed a motion for permission to have the defense conduct an independent testing of the seized methamphetamine. Mot. at 38-39. Movant further contends a review of this motion will reveal that de Bullet "crafted the deception by stirring away from focus[] Rosales sentencing outcome." <u>Id.</u> Movant appears to argue that de Bullet

13

was engaged in "deception" because the "independent lab testing had no legal basis for [him]," yet movant was forced to pay a $1,200 fee for the testing. Mot. at 39.

The court concludes this claim is frivolous. It is not at all clear to the court, based on any construction of this argument, what prejudice movant suffered at sentencing because of counsel's decision to move for lab testing. To the extent movant is attacking de Bullet's representation of him at sentencing, the record does not provide any indication that de Bullet was an ineffective advocate.[2] In short, not only is this claim without merit, it is also frivolous. Accordingly, movant is entitled to no relief on this ground.

D.  Government's Failure to Provide Exculpatory Evidence

Finally, movant attempts to make out an evidentiary disclosure claim against the government, by alleging "that the government in the indictment withheld important evidence that was favorable to [him] and his defense." Mot. at 42. While the motion is also unclear on this point, movant apparently believes the government withheld evidence that would allegedly show its

---

[2] In fact, the record reflects that movant was treated favorably at sentencing. The court awarded movant a three-level reduction for acceptance of responsibility despite the probation officer's recommendation to the contrary, and the court sentenced movant at the bottom of the guideline range. Sent. Tr. at 11-12, 17. Although movant was facing a guideline range of 480 months in prison, he instead received a sentence of 324 months.

informer "orchestrated the whole operations of buying the guns and trafficking the drugs by inducing [him] that was not predispose[d] to commit the crime." Id.

This Brady claim fails, however, for several reasons. First, the submission of a guilty plea forecloses a prisoner's claims under Brady v. Maryland, 373 U.S. 83 (1963). "[B]ecause a Brady violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt," any "failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation." Matthew, 201 F.3d at 361-62. United States v. Conroy, 567 F.3d 174, 178 (5th Cir. 2009). Moreover, this issue could have been raised on direct appeal. Movant has shown neither cause for his procedural default nor prejudice resulting from the error, and he does not allege that he is actually innocent. Consequently, he is barred from raising the issue on habeas review. See United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (stating that a defendant cannot raise an issue for the first time on collateral review without showing both "cause" and "prejudice"). And finally, the record reflects that the government provided complete discovery to Shaw, who at the time was still serving as counsel for movant. United States

15

v. Rosales, No. 4:09-CR-160-A (N.D. Tex. Dec. 23, 2009), Doc. 109, Government's Resp. to Mot. for Continuance at 2.

V.

Order

Therefore,

The court ORDERS that the motion of Javier Rosales to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 8, 2012.

_____
JOHN McBRYDE
United States District Judge